UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **RAMADA WORLDWIDE, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) Case No. 09-MC-2058 |
| **SHRIJI KRUPA, LLC,** | ) |
| **RAJESH PATEL,** | ) |
| **URVASHI PATEL,** | ) |
| **MITESH PATEL,** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT & RECOMMENDATION

In October 2009, Plaintiff Ramada Worldwide Inc. filed a Certification of Judgment for Registration in Another District (#1). Plaintiff sought to enforce a judgment order issued by the United States District Court for the District of New Jersey for Case No. 07-2726, in which the court entered a default judgment in favor of Plaintiff.

Defendant Mitesh Patel, acting *pro se*, now seeks to have the judgment registration vacated. He also seeks to have the underlying order issued by the District Court of New Jersey vacated, and to have the complaint in that case dismissed. In March 2012, Defendant Patel filed a Motion to Vacate Certification of Judgment for Registration in Another District, Vacate Default Judgment, and Dismiss Complaint for Lack of Personal Jurisdiction (#2). Plaintiff has filed a memorandum in response (#3). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion to Vacate Certification of Judgment for Registration in Another District, Vacate Default Judgment, and Dismiss Complaint for Lack of Personal Jurisdiction **(#2)** be **DENIED**. The relief that Defendant seeks is not available in this Court; if any relief is available, it must be granted by the United States District Court for the District of New Jersey.

## I. Background

The following background information is taken from the memoranda submitted by both parties.

In 2007, Plaintiff brought suit in the United States District Court for the District of New Jersey against Defendant Shriki Krupa, LLC and Defendant Mitesh Patel. This suit resulted in a $287,525.93 default judgment against both defendants jointly and severally. (#2-1, p. 11).

The parties agree that, in the course of that litigation, a process server attempted to serve Defendant Patel at 720 Dempster, Mount Prospect, Illinois 20056. A copy of the Return of Service is in the record. (#2-1). The process server indicated that he served the Defendant personally at that address on October 30, 2007. (#2-1).

In Defendant Patel's present motion, he contends that, at the time the process server attempted service of process at 720 Dempster, he had not lived at that address for over a year. Defendant Patel states that he became aware of this litigation only after he attempted to refinance his home, located in Champaign, Illinois, at which time he was informed of a judgment lien against him.

## II. Discussion

There are two separate issues to discuss with respect to Defendant's motion. First, Defendant seeks to have any orders entered by this Court related to enforcing the judgment against him be vacated. Second, Defendant seeks to have the default judgment order entered by the United States District Court for the District of New Jersey vacated. The Court will address each of these in turn.

First, Defendant seeks to have any orders entered by this Court related to enforcing the judgment against him be vacated. However, quite simply, this Court has not entered any orders in this case. Until Defendant filed his motion, the docket reflects that Plaintiff has merely filed a copy of the New Jersey court's order, and this Court confirmed that Plaintiff sought no further

action at that time.  Furthermore, this Court cannot prevent Plaintiff from registering a judgment issued by another district court, unless or until that district court declares its own judgment invalid.

Second, Defendant seeks to have the default judgment order entered by the United States District Court for the District of New Jersey vacated.  As Defendant notes, this issue is governed by Federal Rule of Civil Procedure 55(c) and Federal Rule of Civil Procedure 60.  Based on the facts that Defendant has presented to this Court, the Court notes that it is plausible that Defendant is entitled to relief.

Nevertheless, the Court must deny Defendant's motion because it is not proper for this Court to grant relief in these circumstances; Defendant must address his arguments to the United States District Court for the District of New Jersey.  The Seventh Circuit has stated that Rule 60(b) motions must be presented to the rendering court.  *Bd. of Trs., Sheet Metal Workers Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1034 (7th Cir. 2000).  The purposes of this requirement are to ensure comity among the federal district courts, and to ensure efficient judicial administration.  *Fuhrman v. Livaditis*, 611 F.2d 203, 205 (7th Cir. 1979).  As the Seventh Circuit has further noted, a judgment may be registered in many districts, and it would not make sense to allow each of these districts to modify the judgment under Rule 60(b), potentially in different ways.  *Elite Erectors, Inc.*, 212 F.3d at 1034.

### III.  Summary

For these reasons, the Court recommends that Defendant's Motion to Vacate Certification of Judgment for Registration in Another District, Vacate Default Judgment, and Dismiss Complaint for Lack of Personal Jurisdiction **(#2)** be **DENIED**.  The relief that Defendant seeks is not available in this Court; if any relief is available, it must be granted by the United States District Court for the District of New Jersey.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and

Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986)**.**

ENTERED this 8th day of June, 2012.

	s/DAVID G. BERNTHAL	
	UNITED STATES MAGISTRATE JUDGE